# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      CV 16-670 RB/WPL
                                          CR 11-2230 RB

ROBERT SERRANO,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Robert Serrano timely filed, with permission from the Tenth Circuit, his Motion for a Second 2255 Motion In Accordance with *United States v. Johnson* Order Issued by Supreme Court of Unconstitutional Issues. (CV Doc. 1; CR Doc. 34.)[1] Counsel for Serrano then filed a Supplement to Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 37.) Serrano contends that he is entitled to resentencing because two of his previous felony convictions no longer qualify as "violent" felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). (*Id.*) The United States argues that Serrano is not entitled to relief. I recommend that the Court deny Serrano's motion and deny a certificate of appealability.

### BACKGROUND

On December 7, 2011, Serrano pled guilty to one count of possessing a firearm in violation of 26 U.S.C. §§ 5845(a)(2), 5861(d), and 5871 (a sawed off shotgun), and one count of

---

[1] All citations to "CV Doc." refer to documents filed in the civil case, CV 16-670 RB/WPL. All citations to "CR Doc." refer to documents filed in the criminal case, CR 11-2230 RB. Documents filed in both cases are cited by reference to the corresponding document in the criminal case.

being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[2] At sentencing on August 6, 2012, the Court adopted the presentence report ("PSR") and found that Serrano was an armed career criminal pursuant to the ACCA. (*See* Doc. 32 at 1 (the Court imposed a sentence of 180 months' incarceration for being a felon in possession of a firearm, which is the statutory minimum sentence under the ACCA; this sentence would exceed the statutory maximum if Serrano were not found to be an armed career criminal).)

The PSR calculated Serrano's offense level as 31, with a criminal history category VI, and a resulting guidelines range of 188 to 235 months. (Doc. 40-1 at 16.) Serrano was classified as an armed career criminal under 18 U.S.C. § 924(e)(1) because he was at least eighteen years old at the time of the instant offense, was a felon in possession of a firearm, and had at least three prior convictions for crimes of violence or drug trafficking crimes. Serrano's relevant criminal history includes the following felony convictions: 1) unlawful delivery of marijuana in 1985; 2) armed robbery in violation of NMSA § 30-16-2 in 1993; 3) trafficking cocaine and conspiracy to traffic cocaine in 2000; and 4) aggravated battery against a household member in violation of NMSA § 30-3-16 in 2005. (*Id.* at 8-11.) Serrano was ultimately sentenced to 180 months' of incarceration, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement.

Pursuant to 18 U.S.C. § 924(a)(2), a person convicted of being a felon in possession of a firearm in violation of § 922(g) may fined, imprisoned for not more than ten years, or both, unless that person is deemed an armed career criminal pursuant to § 924(e)(1), in which case that person shall be sentenced to at least fifteen years' imprisonment.

---

[2] Serrano also waived his right to any collateral attack on the conviction or sentence, except on the issue of counsel's ineffective assistance. (Doc. 25 at 6.) However, the United States did not argue that Serrano waived his right to bring this motion, so I do not address the merits of such a claim.

DISCUSSION

Serrano concedes that he has two prior felony convictions for drug trafficking offenses (Doc. 44 at 9), but argues that two of his underlying felony convictions for armed robbery and aggravated battery against a household member no longer qualify as predicate offenses under the ACCA. To qualify as an armed career criminal, an individual must have "three previous convictions . . . for a violent felony or a serious drug offense, or both . . . ." 18 U.S.C. § 924(e)(1). Because I recommend that the Court conclude that Serrano's conviction for armed robbery qualifies as a violent felony, I do not address the aggravated battery against a household member conviction. Serrano's convictions for armed robbery and the two drug trafficking offenses are sufficient to categorize him as an armed career criminal under the ACCA.

A "violent felony" is any crime punishable by imprisonment for more than one year and:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Subparagraph (B)(i) is commonly known as the force clause, while (B)(ii) contains the enumerated offenses clause and the "residual clause." The residual clause reads: ". . . otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*

In *Johnson v. United States*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. 576 U.S. ---, 135 S. Ct. 2551, 2563 (2015). The Supreme Court announced that *Johnson* would apply retroactively on collateral review in *Welch v. United States*, reasoning that *Johnson* announced a substantive new rule. --- U.S. ---, ---, 136 S. Ct. 1257, 1264-65 (2016).

Serrano's challenged conviction for armed robbery does not fall within the enumerated offenses clause.[3] To support Serrano's classification as an armed career criminal, it must fall under the force clause. The question is whether New Mexico armed robbery "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

When determining whether a prior conviction constitutes a violent felony for purposes of the force clause, courts generally employ the categorical approach, which involves "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *United States v. Perez-Vargas*, 414 F.3d 1282, 1284 (10th Cir. 2005) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).[4] If the statute defining the offense is divisible, courts must then apply a "modified-categorical approach." *See Mathis v. United States*, --- U.S. ---, ---, 136 S. Ct. 2243, 2249 (2016) (explaining that "divisible" statutes are those that list elements in the alternative, and thereby define multiple crimes). When using the modified-categorical approach, courts should consult "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy)" to determine whether the defendant in a particular case was convicted of a crime that categorically falls under the force clause. *Id.*

---

[3] The United States makes much of the fact that armed robbery in New Mexico qualifies as generic robbery pursuant to *Mathis v. United States*, --- U.S. ---, ---, 136 S. Ct. 2243, 2248 (2016). (Doc. 43 at 3-6.) That may be true, but is entirely irrelevant in this context because robbery is not an enumerated crime under the ACCA and violent felonies under the force clause need not fall within the generic version of any crime.

[4] While *Perez-Vargas* is a sentencing guidelines case, the Tenth Circuit has noted a "crime of violence" justifying a career offender enhancement under the guidelines has an "almost identical" definition as the "violent felony" or force provision of the ACCA. *United States v. Charles*, 576 F.3d 1060, 1068 n.2 (10th Cir. 2009) (citing *United States v. Tiger*, 538 F.3d 1297, 1298 (10th Cir. 2008)). The Tenth Circuit further instructed that "the Supreme Court's analysis under the ACCA applies equally to the sentencing guidelines," and thus lower courts may apply relevant precedent regarding one provision interchangeably with the other. *Id.* (quotation omitted).

In *Johnson v. United States*, 559 U.S. 133, 144 (2010) ("Johnson I"), the Supreme Court explained that "physical force," as used in the ACCA, "means *violent* force—that is, force capable of causing physical pain or injury to another person." (Emphasis in original.) However, the force required to satisfy this element need not be sufficient to cause serious injury: it "might consist . . . of only that degree of force necessary to inflict pain – a slap in the face, for example." *Id.* at 1272.

So, is armed robbery a violent felony under the ACCA? I recommend that the Court conclude it is.

In New Mexico, robbery is defined as follows:

Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.

Whoever commits robbery is guilty of a third degree felony.

Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

NMSA § 30-16-2 (1978). New Mexico courts have held that the "use or threatened use of force" must be against the person of another to satisfy this element. *See, e.g.*, *State v. Bernal*, 146 P.3d 289, 296 (N.M. 2006); *State v. Curley*, 939 P.2d 1103, 1106 (N.M. Ct. App. 1997). Unlike larceny, the robbery statute "clearly is designed to protect citizens from violence . . . . Robbery is not merely a property crime, but a crime against a person." *Bernal*, 146 P.3d at 296. The New Mexico Court of Appeals similarly explained that the requirement that property be taken with sufficient force "so as to overcome the resistance of attachment" before larceny is elevated to robbery is intended to reflect "the increased danger to the person that robbery involves over the offense of larceny." *Curley*, 939 P.2d at 1106. That is, "[t]he use of force, violence, or

intimidation is an essential element of robbery," *State v. Lewis*, 867 P.2d 1231, 1233 (N.M. Ct. App. 1993), because "[t]he force or intimidation is the gist of the offense," *State v. Sanchez*, 430 P.2d 781, 782 (N.M. Ct. App. 1967).

As used in the statute, the phrase "or violence . . . do[es] not substantively state an alternative means of committing the offense." *Curley*, 939 P.2d at 1104 (citation omitted). New Mexico courts use the terms "force" and "violence" interchangeably when discussing whether the force element has been met to elevate an offense from larceny to robbery. *Id.*

The force required under the New Mexico robbery statute "must be the moving cause inducing the victim to part unwillingly with his property. It must overcome the victim's resistance. It must compel one to part with his property. It must be such that the power of the owner to retain his property is overcome." *Sanchez*, 430 P.2d at 782 (citations omitted). The "use of force to retain property or to facilitate escape does not satisfy the force element necessary for the crime of robbery." *Lewis*, 867 P.2d at 1233-34. Rather, "the use or threatened use of force must be the factor by which the property is removed from the victim's possession." *Id.* at 1233.

Whether the force employed during a larceny is sufficient to elevate the offense to robbery requires an evaluation by the fact-finder. *See State v. Clokey*, 553 P.2d 1260, 1260 (N.M. 1976) ("The question of whether or not the snatching of the purse from the victim was accompanied by sufficient force to constitute robbery is a factual determination, within the province of the jury's discretion."). De minimis force will not sustain a robbery conviction. *Curley*, 939 P.2d at 1105 ("[w]hen no more force is used than would be necessary to remove property from a person who does not resist, then the offense is larceny, and not robbery"). Mere "touching or jostling," or even the act of pressing a fist into the victim's back while stealing his property, are all insufficient to establish the force element, and instead sustain only the lesser-

included elements of larceny. *Sanchez*, 430 P.2d at 782. "[R]obbery is a crime designed to punish the use of violence" and "to protect citizens from violence." *Bernal*, 146 P.3d at 296.

Serrano argues that armed robbery in New Mexico does not require force that is categorically sufficient to meet the standard outlined in *Johnson I*, that is, "force capable of causing physical pain or injury to another person." 559 U.S. at 140. Serrano cites to *State v. Martinez* for the proposition that "[t]he amount or degree of force is not the determinative factor" in establishing the force element of simple robbery, 513 P.2d 402, 402 (N.M. Ct. App. 1973), and to the committee commentary of the New Mexico jury instruction on simple robbery, which explains that "the amount of force is immaterial," NMRA UJI 14-1620.

To the extent that these authorities suggest that no significant force is required to satisfy the force element of New Mexico robbery, they are contrary to controlling New Mexico precedent. As discussed above, case after case held that robbery requires that the force "must overcome the victim's resistance. It must compel one to part with his property. It must be such that the power of the owner to retain his property is overcome." *Sanchez*, 430 P.2d at 782 (citations omitted); *see also Curley*, 939 P.2d at 1104-06; *Lewis*, 867 P.2d at 1233-34. The *Curley* court went so far as to explicitly reject the "dictum" from *Martinez* "that even a slight amount of force, such as jostling the victim or snatching away the property, is sufficient" force for a robbery conviction. *Curley*, 939 P.2d at 1104 (citing *Martinez*, 513 P.2d at 403).

The Tenth Circuit recently considered whether robbery under Colorado law qualified as a "violent felony" under the force clause of the ACCA. *United States v. Harris*, --- F.3d ---, No. 16-1237, 2017 WL 34458 (10th Cir. Jan. 4, 2017). The *Harris* court began with the standard announced in *Johnson I*, and explained:

> It is important to keep in mind why it was necessary for the Court to use the language it did. For it was rejecting the government's argument that physical

> force means "force" known in common law battery parlance. *See Johnson I*, 559 U.S. at 139, 130 S. Ct. 1265 ("There is, however, a more specialized legal usage of the word 'force': its use in describing one of the elements of the common-law crime of battery. . . ."). That is, the force element is satisfied by even the slightest offensive touching. *Id.* (citing among others 3 William Blackstone, *Commentaries on the Laws of England* 120 (1768) [hereinafter Blackstone]). So it makes sense that the Court, in construing the meaning of physical force in the ACCA's *violent* felony definition, referenced "a substantial degree of force," "strong physical force," or "powerful force." Indeed, the Court was differentiating between the force required for the common law offense of battery.

*Id.* at *4. The *Harris* court emphasized that *Johnson I* did not create a requirement of extreme violence, but merely clarified that a violent felony requires something more than the slightest offensive touching. *Harris* emphasized that "in construing the minimum culpable conduct [required by the state statute], such conduct only includes that [to] which there is a 'realistic probability, not a theoretical possibility' the state statute would apply." *Id.* at *3 (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013)). Thus, the court concluded that the force required in Colorado's robbery statute matched the definition of "physical force" set forth in *Johnson I. Id.* at *4-9.

Two features of Colorado's robbery statute were critical to the decision in *Harris*, and are shared by the New Mexico statute: first, robbery in Colorado requires a taking "by violence or intimidation," *id.* at *5 (citing *People v. Borghesi*, 66 P.3d 93, 99 (Colo. 2003)); *see also Lewis*, 867 P.2d at 1233; and second, "Colorado's 'robbery statutes are primarily intended to protect persons and not property,'" *Harris*, 2017 WL 34458, at *5 (citing *Borghesi*, 66 P.3d at 100-01); *see also Bernal*, 146 P.3d at 296. Both statutes emphasize the assaultive nature of robbery and require that the force used must be the means by which the taking is accomplished.

While there are certainly differences between the robbery jurisprudence in Colorado and New Mexico, *Harris* stands for the broader proposition that "physical force" as defined in *Johnson I* includes actions like pinching and slapping—force which overcomes the victim's

resistances and compels the victim to part with his property—not just brutal attacks. Thus, the requirements of New Mexico robbery satisfy the physical force definition in *Johnson I* and has "as an element the use . . . of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Accordingly, all crimes of robbery in New Mexico are categorically violent felonies under the ACCA. *See also Contreras v. United States*, No. 16-cv-0671 RB/SMV, Doc. 12 at 8-18 (D.N.M. Dec. 6, 2016) (unpublished) (Proposed Findings and Recommended Disposition) (concluding that New Mexico simple robbery qualifies as a predicate conviction under the force clause of the ACCA); *Rhoads v. United States*, No. 16-cv-0325 JCH/GBW, Doc. 17 at 6-22 (D.N.M. Jan. 25, 2017) (unpublished) (Proposed Findings and Recommended Disposition) (concluding that New Mexico simple robbery is a crime of violence under the guidelines, that the statute is divisible, and that armed robbery is also a crime of violence).

While simple robbery is a violent felony, Serrano was convicted for armed robbery. The robbery statute in New Mexico is divisible because it lists different punishments depending on the facts of the crime. To be convicted of armed robbery, an individual must "commit[] robbery while armed with a deadly weapon." NMSA § 30-16-2. The additional element above simple robbery is that the defendant is armed with a deadly weapon. I agree with Serrano that "there is no basis from which to conclude that the addition of the 'armed' element has any effect on the degree of force required to commit robbery under New Mexico law." (Doc. 37 at 12.) Because armed robbery is comprised of simple robbery plus the element of a deadly weapon, armed robbery is also categorically a violent felony for purposes of the ACCA.

Because Serrano's conviction for armed robbery in violation of NMSA § 30-16-2 constitutes a violent felony and is the third sufficient predicate offense in his record, I recommend that the Court deny Serrano's motion and uphold his classification as an armed

career criminal. Based on the armed robbery conviction, it is unnecessary to determine whether Serrano's prior conviction for aggravated battery against a household member is categorically a violent felony for purposes of the ACCA.

## CONCLUSION

For the reasons described herein, I recommend that the Court conclude that armed robbery under New Mexico law is a violent felony for purposes of the ACCA. Serrano concedes that he has two previous, qualifying drug convictions. The armed robbery conviction suffices as the third predicate conviction for armed career criminal status. Therefore, I recommend that the Court deny Serrano's motion and deny a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

---

William P. Lynch

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.