IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      CR 11-2230 RB
                                                     CV 16-0670 RB/WPL

ROBERT SERRANO,

    Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (CV Doc. 11; CR Doc. 45)[1] and Defendant Robert Serrano's objections thereto (Doc. 14) and his "Notice of Authority" (Doc. 15). The PFRD recommended concluding that New Mexico armed robbery is a violent felony for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), and denying Serrano's motion for resentencing. Serrano objects to the proposed conclusion that New Mexico armed robbery is a violent felony. (Doc. 14.) Serrano then submitted additional authority from the Tenth Circuit that construed the Kansas robbery statute. (Doc. 15 (providing a copy of *United States v. Nicholas*, No. 16-3043, 2017 WL 1429788 (10th Cir. Apr. 24, 2017) (unpublished).) Having conducted a *de novo* review, the Court overrules Serrano's objections, adopts the PFRD, and denies Serrano's motion under 28 U.S.C. § 2255 and *Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551 (2015). The crux of Serrano's argument is that New Mexico armed robbery, NMSA 1978 § 30-16-2, does not meet the criteria for a crime of violence under the ACCA.

---

[1] For documents filed in both cases, "Doc." will refer to the corresponding document in the civil case, 16-cv-670 RB/WPL.

This Court previously addressed the issue of whether New Mexico robbery qualifies as a crime of violence under the force clause of U.S.S.G. § 4B1.2. *United States v. Contreras*, No. 16-cv-671 RB/SMV, Doc. 14 at 17-23 (D.N.M. Feb. 24, 2017) (unpublished); *see also United States v. Garcia*, No. 16-cv-240 JB/LAM, Doc. 37 at 53-57 (D.N.M. Jan. 31, 2017) (unpublished) (concluding that New Mexico robbery qualifies as a violent felony under the force clause of the ACCA). In *Contreras*, the Court concluded that New Mexico robbery qualifies as a crime of violence under § 4B1.2 and noted that the Tenth Circuit has extended the interpretation of "physical force" under the ACCA's force clause to interpretations of "physical force" under the identical force clause in § 4B1.2 of the Guidelines. *Id.* at 10. The distinction between Serrano's conviction for armed robbery and the simple robbery at issue in *Contreras* is the use of a "deadly weapon." Pursuant to NMSA 1978 § 30-16-2, simple robbery is elevated to armed robbery when all of the elements of simple robbery are met and the defendant commits simple robbery "while armed with a deadly weapon." Which is to say that based on this Court's conclusion that New Mexico simple robbery is a crime of violence under § 4B1.2 of the Guidelines and is thus also a violent felony under the ACCA, then New Mexico armed robbery is also a violent felony for purposes of the ACCA. The Court thus adopts the reasoning as set forth in the PFRD.

Serrano's objections to the contrary do not disturb this Court's previous analysis. Serrano contends that New Mexico robbery can be accomplished through the application of de minimis force to the victim. Serrano supports this contention with citation to case law from other circuits.

After filing his Objections, Serrano brought *Nicholas* to the Court's attention. *Nicholas* is a recent, unpublished Tenth Circuit decision concluding that Kansas robbery does not require the necessary force to be considered a violent felony for purposes of the ACCA. 2017 WL 1429788,

at *3. In reaching this conclusion, the Tenth Circuit analyzed Kansas case law, and relied principally on *State v. McKinney*, 961 P.2d 1 (Kan. 1998), in which the Kansas Supreme Court concluded that "the mere act of snatching the purse 'constituted the threat of bodily harm' required for a robbery conviction." *Nicholas*, 2017 WL 1429788, at * 3 (quoting *McKinney*, 961 P.2d at 8)).

Unlike the Kansas decisions, New Mexico courts have interpreted the robbery statute to require "force necessary to overcome any resistance." *State v. Curley*, 939 P.2d 1103, 1107 (N.M. Ct. App. 1997). The force element of New Mexico robbery rests on the principle that robbery is not merely a property crime, it is a crime against a person—this is what distinguishes it from larceny. *Id.* at 1106. Therefore, courts should construe the "resistance of attachment" requirement "in light of the idea that robbery is an offense against the person, and something about that offense should reflect the increased danger to the person that robbery involves over the offense of larceny." *Id.* The crime of robbery in New Mexico is designed to "punish the use of violence" and "protect citizens from violence." *State v. Bernal*, 146 P.3d 289, 296 (N.M. 2006).

Recently, the Tenth Circuit decided *United States v. Harris*, 844 F.3d 1260 (10th Cir. 2017). *Harris* considered whether robbery under Colorado law qualified as a violent felony. While the Colorado courts have been more explicit about the force requirement, the analysis is nonetheless the same. The *Harris* Court relied on *People v. Borghesi*, 66 P.3d 93 (Colo. 2003), for the proposition that "robbery statutes are primarily intended to protect persons and not property." *Harris*, 844 F.3d at 1267 (quoting *Borghesi*, 66 P.3d at 99). Force such as pinching and slapping will overcome the force requirement and satisfy the ACCA.

As this Court has previously decided, New Mexico simple robbery—and by extension, New Mexico armed robbery—qualifies as a violent felony for purposes of the ACCA.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 11) are adopted by the Court;

2) the Defendant's § 2255 Petition (Docs. 1, 37) is DENIED;

3) this cause is dismissed with prejudice; and

4) a certificate of appealability is DENIED.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE